IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEBRA MAYS, JOHNNY SMITH, JR., and
THE CHRISTIAN MINISTERIAL ALLIANCE          PLAINTIFFS

V.                     No. 4:20-cv-341 JM

JOHN THURSTON, in his official capacity as the
Secretary of State of Arkansas; and ASA HUTCHINSON,
in his official capacity as the Governor of the State of
Arkansas                                    DEFENDNATS

## ORDER

Pending is Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) that was filed on Friday, March 27, 2020, at 11:51 a.m. seeking court action before the primary election to be held Tuesday, March 31, 2020. Defendants, after filing a waiver of service, filed a response to the motion at 12:05 p.m. today; Plaintiffs replied a little over two hours later.

In response to the COVID-19 outbreak, Governor Hutchinson issued an Executive Order on March 20, 2020 (EO 20-08), which declared a state of emergency in the State of Arkansas and ordered in part the suspension of the following provisions of the Arkansas Code "to aid County Officials and County Board of Election Commissioners to carry out their duties in respect to the March 31, 2020 election deadlines":

> b. Provisions under Arkansas Code Annotated § 7-5-402 that require qualified electors be unavoidably absent or unable to attend an election due to illness or physical disability, so that all eligible qualified electors currently entitled to vote in the March 31, 2020 election may request the appropriate absentee ballots from their county of residence.
>
> c. Provisions under Arkansas Code Annotated § 7-5-404(a)(3)(A)(ii) to allow county officials to act on an application for an absentee ballot that is received within seven (7) days before an election date and subsequently mail an absentee

ballot to the qualified elector who requested the ballot if the voter is otherwise entitled to vote in the election.

The effect of this Executive Order is to allow anyone to request an absentee ballot, regardless of whether they are unavoidably absent or unable to attend, and to allow them to request the absentee ballot by mail within seven days before an election. Plaintiffs are asking that Governor Hutchinson do more to ensure that Arkansans are allowed to have their vote counted by absentee ballot. Plaintiffs seek a temporary restraining order "that requires Defendants to accept ballots that are postmarked before or on Election Day that arrive within 10 days of Election Day and to provide adequate notice to voters and election officials of this extension and the absentee voting process."

In determining whether preliminary injunctive relief should be granted or a temporary restraining order be entered, the court is required to consider the factors set forth in *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981). Whether a preliminary injunction or temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.*

Defendants argue that before the Court can reach these factors, it must consider whether Plaintiffs have standing. The jurisdiction of federal courts is limited to actual cases and controversies by Article III, § 2, of the United States Constitution. *Eckles v. City of Corydon*, 341 F.3d 762, 767 (8th Cir. 2003). To establish Article III standing, a plaintiff must establish three elements: (1) an "injury in fact"—an invasion of a legally protected interest which is both "concrete and particularized" and "actual or imminent; " (2) proof that the injury is "fairly ... trace[able] to the challenged action of the defendant; and (3) it must be "likely," as opposed to

merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations omitted). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." (*Id.* at 564) (internal citation and quotations omitted).

Plaintiffs have failed to articulate an injury suffered at the hands of the Governor Hutchinson, the Secretary of State or any other state official. Plaintiffs' right to vote during this global pandemic have been made easier by the Governor's March 20 executive order suspending the normal prerequisites for requesting an absentee ballot. Plaintiffs complain that the Governor did not do enough. However, Plaintiffs' injury, if any, will occur only if they did not follow the absentee voting requirements as loosened by the Governor or if they do not show up to vote at a designated voting place exercising the social distancing and other protections suggested by the State and the federal government. Any injury caused by Plaintiffs' failing to take advantage of these available avenues to exercise their rights to vote are not caused by or fairly traceable to the actions of the State, but rather are caused by the global pandemic. Therefore, the Court finds that Plaintiffs do not have standing to pursue their requested remedy.

Without standing, Plaintiffs are unlikely to succeed on the merits of their complaint. Furthermore, the Court agrees with Defendants that a last-minute restructuring of the state-absentee voting law, would add further confusion and uncertainty and impair the public's strong interest in the integrity of the electoral process.

For these reasons, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) is DENIED.

IT IS SO ORDERED this 30th day of March, 2020.

_____
James M. Moody Jr.
United States District Judge